T.C. Memo. 2010-237

UNITED STATES TAX COURT

DONALD W. ERNLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20450-09.                    Filed October 26, 2010.

Donald W. Ernle, pro se.

<u>Derek Kaczmarek</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, <u>Judge</u>:  Respondent determined a deficiency of $4,124 in petitioner's Federal income tax for 2007.  At trial respondent (1) filed a motion to conform pleadings to the evidence, which the Court granted, (2) filed an amended answer alleging fraud or in the alternative negligence, and (3) orally moved for the

imposition of a penalty against petitioner pursuant to section 6673, which the Court took under advisement.

The issues for decision are (1) whether petitioner received unreported income totaling $35,792; (2) whether petitioner is liable for the fraud penalty pursuant to section 6663 with respect to the underpayment of tax or alternatively the accuracy-related penalty pursuant to section 6662; and (3) whether a penalty under section 6673 should be imposed against petitioner.

All section references are to the Internal Revenue Code (Code) in effect for 2007, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

At the time he filed his petition, petitioner resided in Arizona.

On his timely filed 2007 Form 1040, U.S. Individual Income Tax Return, petitioner reported total income of $661. Petitioner claimed a standard deduction of $5,350 and a personal exemption of $3,400. Petitioner reported $3,049 of Federal income tax withholding; and because the Form 1040 showed zero taxable income, petitioner claimed a $3,049 refund.

Petitioner's 2007 Form 1040 was manifestly false. In actuality, petitioner received $2,730 in nonemployee compensation

from CAVU, Inc.,[1] $12,019 in taxable retirement income from the Defense Finance and Accounting Service (an agency of the Department of Defense), $20,183 in taxable retirement income from American Century Services, L.L.C., and $860 in wages from Aziza Dujmic-Palm View Assisted Living.  These income items were reported to respondent by the respective payors.

Instead of attaching copies of the documents he received from the third-party payors, petitioner attached to his Form 1040 the following documents that were created and signed by him:  (1) A "corrected" Form 1099-MISC, Miscellaneous Income, purporting to be from CAVU, Inc., reporting no nonemployee compensation; (2) a "corrected" Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., purporting to be from the Defense Finance and Accounting Service reporting no gross distribution and no taxable amount but reporting $1,032 in Federal income tax withheld; (3) a series of "corrected" Forms 1099-R purporting to be from American Century Services TEFRA Agent collectively reporting no gross distributions and no taxable amount but reporting $3,048.76 in Federal income tax withheld; and (4) a Form 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans,

---

[1]This nonemployee compensation is subject to self-employment tax.

IRAs, Insurance Contracts, etc., indicating that petitioner received no income from Aziza Dujmic-Palm View Assisted Living.[2]

Respondent examined petitioner's 2007 Form 1040 as an underreporting of income case.  On March 30, 2009, respondent sent petitioner a CP2000 notice stating that the amount of income petitioner reported on his 2007 Form 1040 did not match the amount of income paid to petitioner as reported on documents received from third-party payors.  The notice requested that petitioner explain the reason therefor by April 29, 2009. Petitioner failed to do so.

On June 8, 2009, petitioner filed a Form 1040X, Amended U.S. Individual Income Tax Return, for tax year 2007 in which he overreported both his gross income and his Federal income tax withholding.  Attached to the Form 1040X were several documents purporting to corroborate this overreporting:  (1) A Form 1099-OID, Original Issue Discount, purporting to be from Countrywide Home Loans, Inc., showing original issue discount of $72,000 and Federal income tax withheld of $71,900; (2) a Form 1099-OID purporting to be from Bank of the West showing original issue discount of $60,604.84 and Federal income tax withheld of $60,504.84; and (3) a Form 1099-A, Acquisition or Abandonment of

---

[2]We note that the "corrected" Forms 1099-R collectively report that $4,080.76 ($1,032 plus $3,048.76) was withheld from petitioner.  The record does not reveal why petitioner claimed a lesser amount, $3,049, as a refund.

Secured Property, purporting to document a loan of property from petitioner to Bank of the West showing a balance of principal outstanding of $60,604.84 and the fair market value of property to be $60,504.84.

Petitioner created the documents in an obvious attempt to mislead the Internal Revenue Service (IRS) into believing he was entitled to a $90,190 tax refund.  The IRS did not accept the Form 1040X as valid.  Instead, respondent sent petitioner a notice of deficiency on June 22, 2009.

Petitioner timely petitioned this Court, and a trial was held on April 20, 2010.  Petitioner refused to cooperate in the required pretrial stipulation process.  See Rule 91.

At trial petitioner filed frivolous motions and raised frivolous objections.  Petitioner refused to testify, call witnesses, or proffer any meaningful or credible evidence.

As noted supra p. 1, at the conclusion of the trial respondent filed a motion to conform pleadings to the evidence in order to raise the affirmative issues of a section 6663(a) fraud penalty or, in the alternative, a section 6662(a) accuracy-related penalty.  The penalty amount respondent asserts is based on the understatement reflected in petitioner's 2007 Form 1040 and not on petitioner's inflated claim to withholding tax credits as reported on his 2007 Form 1040X.

OPINION

The Commissioner's determinations in his notice of deficiency are presumed correct, and the taxpayer bears the burden of proving, by a preponderance of the evidence, that these determinations are incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner does not assert that the burden of proof shifts to respondent pursuant to section 7491(a); but even if he did, we need not and do not decide the issue because we resolve the case on the preponderance of the evidence and not on an allocation of the burden of proof, rendering the issue of burden moot. See Knudsen v. Commissioner, 131 T.C. 185, 186-189 (2008).

I. Unreported Income

Section 61(a) generally includes in gross income "all income from whatever source derived" unless excluded by a specific provision of the Code. This section is construed broadly to encompass any accession to a taxpayer's wealth. Commissioner v. Schleier, 515 U.S. 323, 327-328 (1995); Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429-430 (1955); MacGregor v. Commissioner, T.C. Memo. 2010-187. Payments for services and retirement payments are specifically included in the definition of gross income. Sec. 61(a)(1), (11).

In the absence of adequate records, the Commissioner may reconstruct income using any method that is reasonable in the

light of all the surrounding facts and circumstances. Catalano v. Commissioner, 81 T.C. 8, 13 (1983), affd. without published opinion sub nom. Knoll v. Commissioner, 735 F.2d 1370 (9th Cir. 1984). We have held that the Commissioner may rely upon third-party statements, including Forms 1099. See Spurlock v. Commissioner, T.C. Memo. 2003-124.

The uncontested evidence demonstrates that petitioner received wages from Aziza Dujmic-Palm View Assisted Living, nonemployee income from CAVU, Inc., and retirement income (i.e., pension income) from the Defense Finance and Accounting Service and American Century Services, L.L.C., in the amounts respondent determined. These payments constitute income and generally are taxable as such. See Wheeler v. Commissioner, 127 T.C. 200, 205 n.11 (2006), affd. 521 F.3d 1289 (10th Cir. 2008) (retirement income); Rowlee v. Commissioner, 80 T.C. 1111, 1119-1122 (1983) (wages); Brunsman v. Commissioner, T.C. Memo. 2003-291 (nonemployee compensation); sec. 1.61-11(a), Income Tax Regs. (retirement income). Petitioner presented no evidence demonstrating that any of these amounts were nontaxable. We therefore sustain respondent's determination that petitioner received $35,792 in unreported income for 2007.

II. Section 6663(a) Fraud Penalty

Section 6663(a) provides for a 75-percent penalty for any portion of an underpayment attributable to fraud. Fraud is

defined as an intentional wrongdoing designed to evade tax believed to be owing. Petzoldt v. Commissioner, 92 T.C. 661, 698 (1989). Fraudulent intent is defined as "'actual, intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owing.'" Estate of Temple v. Commissioner, 67 T.C. 143, 159 (1976) (quoting Mitchell v. Commissioner, 118 F.2d 308, 310 (5th Cir. 1941), revg. 40 B.T.A. 424 (1939)). If any portion of the underpayment is attributable to fraud, the entire underpayment is treated as attributable to fraud unless the taxpayer establishes by a preponderance of the evidence that part of the underpayment is not due to fraud. Sec. 6663(b).

The Commissioner has the burden of proving by clear and convincing evidence that (1) an underpayment exists the year in issue, and (2) that some portion of the underpayment is due to fraud. See sec. 7454(a); Rule 142(b). Fraud is never imputed or presumed but must be established by independent evidence that establishes fraudulent intent. Petzoldt v. Commissioner, supra at 699. Fraud need not be established by direct evidence, which is rarely available, but may be proved by surveying the taxpayer's entire course of conduct and drawing reasonable inferences therefrom. Kosinski v. Commissioner, 541 F.3d 671, 679 (6th Cir. 2008), affg. T.C. Memo. 2007-173; see Spies v. United States, 317 U.S. 492, 499 (1943). Several "badges of

fraud" have been developed from which fraudulent intent may be inferred: (1) Understatement of income; (2) failure to cooperate with tax authorities; (3) filing false documents; (4) intent to mislead which may be inferred from a pattern of conduct; and (5) maintaining inadequate records. Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Camien v. Commissioner, 420 F.2d 283, 287 (8th Cir. 1970), affg. T.C. Memo. 1968-12.

Respondent has established that petitioner (1) grossly understated his income; (2) failed to cooperate with respondent's agents during the examination of his 2007 Form 1040; (3) filed a false 2007 Form 1040 to which were attached phony documents (i.e., the "corrected" Forms 1099-R, 1099-MISC, and the Form 4852); and (4) filed a false 2007 Form 1040X together with false documents (i.e., the phony Forms 1099-OID and Form 1099-A). Petitioner engaged in a pattern of conduct by which he attempted to defraud the Federal Government.

Respondent has met the standard of showing by clear and convincing evidence that petitioner intentionally filed a fraudulent Form 1040 for 2007. Petitioner presented no evidence or arguments to show that any part of the underpayment is not due to fraud. Accordingly, we hold that petitioner is liable for the section 6663(a) fraud penalty on the underpayment of tax reported on his Form 1040. Because of our holding, we need not

address respondent's alternative position that petitioner is liable for the section 6662 accuracy-related penalty.

III.  Section 6673(a) Penalty

Section 6673(a)(1) provides for a penalty not in excess of $25,000 whenever it appears that the taxpayer has instituted proceedings before this Court primarily for delay, the taxpayer's position is frivolous or groundless, or the taxpayer unreasonably failed to pursue available administrative remedies.  A taxpayer's position is frivolous if it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

Petitioner's case is frivolous.  Petitioner failed to abide by the Court's Rules (i.e., Rule 91) to stipulate all relevant matters not privileged.  He refused to stipulate even his own 2007 Form 1040 and the notice of deficiency.  At trial petitioner made frivolous objections.  Petitioner filed frivolous motions. Petitioner refused to testify and failed to provide any colorable argument in defense of his position.

Petitioner through his chicanery has wasted the Court's limited resources.  We therefore require petitioner to pay a penalty pursuant to section 6673(a)(1) of $4,000.

To reflect the foregoing,

Decision will be entered

for respondent.