[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11804

_____

U.S. TAX COURT No. 3289-05

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2008
THOMAS K. KAHN
CLERK

BENNETT GEIGER,

                                        Petitioner-Appellant,

        versus

COMMISSIONER OF
INTERNAL REVENUE,

                                        Respondent-Appellee.

_____

Appeal from the United States Tax Court

_____

**(May 28, 2008)**

Before CARNES and MARCUS, Circuit Judges, and BUCKLEW,* District Judge.

_____

* Honorable Susan C. Bucklew, United States District Judge for the Middle District of Florida, sitting by designation.

PER CURIAM:

This is an appeal of a tax court's determination, after a non-jury trial, that the taxpayer, Geiger, failed to substantiate his claimed theft loss deduction in excess of $5,586. The standard of review is clearly erroneous for factual findings and *de novo* for the application of law.

The tax court found Geiger's evidence of a $564,711 theft loss to be incomplete and inconclusive, and therefore, it found that Geiger failed to substantiate his deduction in excess of $5,586. This Court does not find that factual determination to be clearly erroneous. Furthermore, even assuming *arguendo* that the tax court erred by finding that the burden did not shift to the IRS, such error was harmless, because the tax court found that the evidence weighed in favor of the IRS.

"Generally, the I.R.S. determination on the existence of a tax deficiency is presumed correct; thus, the taxpayer generally bears the burden of proving entitlement to a claimed deduction by a preponderance of the evidence." Blodgett v. C.I.R., 394 F.3d 1030, 1035 (8th Cir. 2005)(citation omitted). In order for the burden to shift to the IRS under 26 U.S.C. § 7491(a), Geiger would have had to provide credible evidence. Credible evidence for purposes of § 7491 has been defined as:

Credible evidence is the quality of evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted (without regard to the judicial presumption of IRS correctness). A taxpayer has not produced credible evidence for these purposes if the taxpayer merely makes implausible factual assertions, frivolous claims, or tax protestor-type arguments. The introduction of evidence will not meet this standard if the court is not convinced that it is worthy of belief. If after evidence from both sides, the court believes that the evidence is equally balanced, the court shall find that the Secretary has not sustained his burden of proof.

Higbee v. C.I.R., 116 T.C. 438, 442 (Tax. Ct. 2001)(quoting H. Conf. Rept. 105-599, at 240-241 (1998), 1998-3 C.B. 747, 994-995).  Thus, "[w]hile a tax court must consider the testimony as 'if no contrary evidence were submitted . . .,' a tax court has the right in the first instance to reject the testimony as incredible." Blodgett, 394 F.3d at 1036 (citations omitted).

Even assuming that Geiger had presented credible evidence sufficient to shift the burden, any error committed by the tax court by failing to shift the burden was harmless, because the burden is of practical consequence only in the rare event of an evidentiary tie.  See id. at 1039 (citations omitted).  This is because "[i]n a situation in which both parties have satisfied their burden of production by offering some evidence, . . . the party supported by the weight of the evidence will prevail regardless of which party bore the burden of persuasion, proof or preponderance." Id. (citation omitted).  Clearly, even if the burden had shifted to

3

the IRS, the IRS met the burden, because the tax court found that the weight of the evidence supported the conclusion that a theft loss greater than $5,586 was not proven.

Accordingly, we affirm the tax court's decision that Geiger did not prove that a theft loss in excess of $5,586 occurred.

**AFFIRMED.**