131 T.C. No. 11


UNITED STATES TAX COURT


DENNIS L. AND MARGARET J. KNUDSEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 18246-04.             Filed November 12, 2008.


        Ps filed a motion for reconsideration of our
Memorandum Opinion in <u>Knudsen v. Commissioner</u>, T.C.
Memo. 2007-340 (Knudsen I).  In Knudsen I we held that
petitioners were not engaged in their animal breeding
activity for profit within the meaning of sec. 183,
I.R.C.  We concluded that we did not need to decide
whether Ps met the requirements under sec. 7491(a),
I.R.C., to shift the burden of proof to R because the
outcome was based on a preponderance of the evidence.
In their motion Ps argue that this Court erred in so
concluding.  Ps also argue for the first time that each
factor under sec. 1.183-2(b), Income Tax Regs., is a
separate "factual issue" to which sec. 7491(a), I.R.C.,
applies.
        <u>Held</u>:  Ps' motion for reconsideration will be denied.
This Court did not err by concluding that the Court did

        [*]This Opinion supplements our previously filed opinion in
<u>Knudsen v. Commissioner</u>, T.C. Memo. 2007-340.

not need to decide whether the burden of proof shifted to respondent under sec. 7491(a), I.R.C.


Jack D. Flesher and Brian A. Turney, for petitioners.

Ann L. Darnold, for respondent.


SUPPLEMENTAL OPINION


MARVEL, Judge:  On December 19, 2007, pursuant to Rule 161,[1] petitioners filed a timely motion for reconsideration of this Court's Memorandum Opinion in Knudsen v. Commissioner, T.C. Memo. 2007-340 (Knudsen I).  In Knudsen I we held that petitioners' exotic animal breeding activity was not an activity engaged in for profit within the meaning of section 183.  Petitioners request that we reconsider whether they satisfied the requirements under section 7491(a) to shift the burden of proof to respondent.

Reconsideration under Rule 161 is intended to correct substantial errors of fact or law and allow the introduction of newly discovered evidence that the moving party could not have introduced by the exercise of due diligence in the prior proceeding.  Estate of Quick v. Commissioner, 110 T.C. 440, 441 (1998).  This Court has discretion to grant a motion for

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect at all relevant times.

reconsideration but will not do so unless the moving party shows unusual circumstances or substantial error.  Id.; see also Vaughn v. Commissioner, 87 T.C. 164, 166-167 (1986).  "Reconsideration is not the appropriate forum for rehashing previously rejected legal arguments or tendering new legal theories to reach the end result desired by the moving party."  Estate of Quick v. Commissioner, supra at 441-442.

Section 7491(a)(1) provides that, subject to certain limitations, where a taxpayer introduces credible evidence with respect to a factual issue relevant to ascertaining the taxpayer's tax liability, the burden of proof shifts to the Commissioner with respect to such issue.  Section 7491(a)(1) applies with respect to a factual issue only if the requirements of section 7491(a)(2) are satisfied.  Under section 7491(a)(2), a taxpayer must have maintained all records required by the Internal Revenue Code and cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews.

In their motion for reconsideration, petitioners assert that (1) this Court erred in concluding that we did not need to decide whether petitioners met the requirements under section 7491(a) to shift the burden of proof to respondent, and (2) each factor under section 1.183-2(b), Income Tax Regs., is a separate "factual issue" within the meaning of section 7491(a).

I.   Section 7491(a) Burden of Proof Shift

In Knudsen I we stated:

> We do not need to decide whether petitioners have met all of the requirements under section 7491 to shift the burden of proof to respondent.  The outcome of this case is based on a preponderance of the evidence and thus is unaffected by section 7491.  * * *

Petitioners contend that "Congress did not intend income tax cases to be 'unaffected' by section 7491" and that we must determine whether petitioners met the requirements under section 7491(a) to shift the burden of proof to respondent.  Although this case is appealable, absent a stipulation to the contrary, to the Court of Appeals for the Tenth Circuit, see sec. 7482(b), petitioners rely on Griffin v. Commissioner, 315 F.3d 1017 (8th Cir. 2003) (Griffin II), vacating and remanding T.C. Memo. 2002-6 (Griffin I), in support of their argument.

Petitioners argue that the Court of Appeals for the Eighth Circuit in Griffin II correctly concluded that section 7491(a) should be applied in all cases.  Petitioners' argument applies Griffin II too broadly and fails to acknowledge that Griffin II is distinguishable from this case.

In Griffin v. Commissioner, supra at 1020, the taxpayers appealed an unfavorable Tax Court decision and argued that the Tax Court erred in holding that the taxpayers failed to present sufficient evidence to shift the burden of proof to the Commissioner under section 7491(a).  The Tax Court in Griffin I

had concluded that the taxpayers did not introduce credible evidence and thus the burden of proof remained with the taxpayers. Griffin v. Commissioner, T.C. Memo. 2002-6.[2] The Court of Appeals disagreed. It concluded that the taxpayers did produce sufficient credible evidence and stated: "It is not sufficient to summarily conclude that the outcome is the same regardless of who bears the burden of proof; if that were the case, § 7491(a) would have no meaning." Griffin v. Commissioner, 315 F.3d at 1021-1022.

On remand this Court shifted the burden of proof to the Commissioner in accordance with the decision of the Court of Appeals and revisited the trial record. This Court concluded that the taxpayers were entitled to certain deductions because the Commissioner had not offered sufficient contrary evidence to overcome the taxpayers' evidence, which the Court of Appeals had concluded was credible. See Griffin v. Commissioner, T.C. Memo. 2004-64.

The Court of Appeals in Griffin II disagreed with this Court's finding regarding the credibility of the taxpayers' evidence, and its opinion is properly read in that context. It

---

[2]In a footnote in its opinion, the Tax Court also stated that "Even if the burden of proof were placed on * * * [the Commissioner], we would decide the issue in his favor based on the preponderance of the evidence." Griffin v. Commissioner, T.C. Memo. 2002-6, vacated and remanded 315 F.3d 1017 (8th Cir. 2003).

is also apparent that once the issue of the credibility of the taxpayers' evidence was resolved, the burden shift did affect the result, as this Court on remand allowed the deductions that it had not allowed in its earlier opinion on the basis of the Commissioner's failure to carry his burden of proof.

Petitioners' argument in their motion for reconsideration reads Griffin II too broadly. Griffin II does not stand for the proposition that a trial court <u>must</u> decide whether the burden of proof shifts to the Government in all cases where the issue of a burden shift is raised, nor does it stand for the proposition that a trial court's failure to decide a burden shift issue is always reversible error. The Court of Appeals said as much in <u>Polack v. Commissioner</u>, 366 F.3d 608 (8th Cir. 2004), affg. T.C. Memo. 2002-145.[3]

In <u>Polack v. Commissioner</u>, <u>supra</u> at 613, the taxpayer appealed a Tax Court decision arguing, among other things, that the Tax Court erred in not shifting the burden of proof to the Commissioner after the Commissioner abandoned his initial valuation theory in favor of an expert's valuation. The Tax Court had concluded that it did not need to decide whether the burden of proof shifted to the Commissioner because the outcome

---

[3]The taxpayer in <u>Polack v. Commissioner</u>, 366 F.3d 608 (8th Cir. 2004), affg. T.C. Memo. 2002-145, did not argue for a shift of the burden of proof under sec. 7491(a)(1). Rather, the taxpayer relied on general principles governing shifting the burden of proof.

was based on a preponderance of the evidence.  Id.  The Court of Appeals agreed with the Tax Court and explained that "'The shifting of an evidentiary burden of preponderance is of practical consequence only in the rare event of an evidentiary tie'".  Id. (quoting Cigaran v. Heston, 159 F.3d 355, 357 (8th Cir. 1998)).  The Court of Appeals did not mention its earlier decision in Griffin II.

In 2005, approximately 8 months after it issued its decision in Polack, the Court of Appeals for the Eighth Circuit further clarified its position in Blodgett v. Commissioner, 394 F.3d 1030, 1039 (8th Cir. 2005), affg. T.C. Memo. 2003-212.  The Court of Appeals revisited whether the Tax Court's failure to shift the burden of proof to the Commissioner under section 7491(a) was reversible error and held that, on the record before it, the Tax Court did not commit reversible error by declining to decide the issue.  The Court of Appeals explained its holding:

> In a situation in which both parties have satisfied their burden of production by offering some evidence, then the party supported by the weight of the evidence will prevail regardless of which party bore the burden of persuasion, proof or preponderance.  * * * Therefore, a shift in the burden of preponderance has real significance only in the rare event of an evidentiary tie.  * * *  Here, the record is clear, if the tax court did err in failing to shift the burden of proof, any error was harmless because the weight of the evidence supported a decision for the Commissioner. [Id.]

At least two other Courts of Appeals have also held that the burden of proof shift under section 7491(a) is relevant only when

there is an evidentiary tie.  See <u>Geiger v. Commissioner</u>, 279
Fed. Appx. 834, 835 (11th Cir. 2008) ("any error committed by the
tax court by failing to shift the burden was harmless, because
the burden of proof is of practical consequence only in the rare
event of an evidentiary tie"), affg. T.C. Memo. 2006-271; <u>FRGC
Inv., LLC v. Commissioner</u>, 89 Fed. Appx. 656 (9th Cir. 2004) (the
Court was not required to determine who had the burden of proof
under section 7491(a) when the preponderance of the evidence
favored the Commissioner), affg. T.C. Memo. 2002-276.

Petitioners argue that Griffin II is correct and <u>Polack</u> and
<u>Blodgett</u> are wrong.  However, the Court of Appeals for the Eighth
Circuit in <u>Blodgett</u>, upon revisiting Griffin II, held that an
allocation of the burden of proof is relevant only when there is
equal evidence on both sides.  We agree with the analysis of the
Court of Appeals in <u>Blodgett</u>.[4]  In a case where the standard of
proof is preponderance of the evidence and the preponderance of
the evidence favors one party, we may decide the case on the
weight of the evidence and not on an allocation of the burden of
proof.[5]

_____

[4]The Court has often cited <u>Blodgett v. Commissioner</u>, 394
F.3d 1030, 1039 (8th Cir. 2005), affg. T.C. Memo. 2003-212, for
this position.  See e.g., <u>Estate of Christiansen v. Commissioner</u>,
130 T.C. 1, 8 n.7 (2008); <u>Grossman v. Commissioner</u>, T.C. Memo.
2005-164; <u>Levine v. Commissioner</u>, T.C. Memo. 2005-86.

[5]Petitioners also argue that the reliance of the Court of
Appeals for the Eighth Circuit on <u>Polack</u> is questionable because
(continued...)

In Knudsen I the weight of the evidence favored respondent, and consequently, we did not need to decide the allocation of the burden of proof under section 7491(a) with respect to the section 183 issue. We hold, therefore, that in Knudsen I we did not err in declining to allocate the burden of proof under section 7491(a).

II. Section 1.183-2(b), Income Tax Regs.

Petitioners argue that the Court should have applied section 7491(a) to each factor under section 1.183-2(b), Income Tax Regs.,[6] to determine whether petitioners were engaged in an activity for profit under section 183. In other words, petitioners contend that each factor is a "separate factual

---

[5](...continued)
Polack did not involve any argument for a shift of the burden of proof under sec. 7491(a). However, the Court of Appeals in Blodgett recognized that its reasoning in Polack regarding the shifting of the burden of proof in a case decided on the basis of the preponderance of the evidence was equally applicable to the analysis required by sec. 7491(a). Blodgett v. Commissioner, supra at 1039.

[6]Sec. 1.183-2(b), Income Tax Regs., provides a list of nine factors used to determine whether a taxpayer is engaged in an activity for profit under sec. 183. The factors are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or loss with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) elements of personal pleasure or recreation.

issue" to which section 7491(a) applies and that we must analyze each factor to determine whether petitioners satisfied the requirements of section 7491(a) to shift the burden of proof to respondent with respect to that factor.

Petitioners raise this argument for the first time in their motion for reconsideration. Petitioners never argued at trial or on brief that each factor under section 1.183-2(b), Income Tax Regs., is a "separate factual issue" to which we must apply section 7491(a). Rather, petitioners argued on brief that they satisfied the requirements under section 7491(a) to shift the burden of proof to respondent with respect to the issue of whether their animal breeding operation was an activity engaged in for profit. In their brief petitioners stated:

> In this case, Petitioners have introduced a considerable amount of credible evidence concerning the profit motive of Petitioners with respect to their exotic animal breeding operation. * * * Since Petitioners have met the requirements of IRC Section 7491(a), the <u>burden of proof with respect to Issue I</u> is on the Commissioner/Respondent. [Emphasis added.]

Issue I of petitioners' brief is titled "Whether Petitioners' Exotic Animal Operations Constituted an 'Activity Not Engaged in for Profit', Within the Meaning of Code Section 183".

Because petitioners never raised at trial or on brief the issue of whether each factor under section 1.183-2(b), Income Tax Regs., is a "separate factual issue" to which section 7491(a) applies, we decline to address petitioners' argument asserted for

the first time in petitioners' motion for reconsideration. See

Stoody v. Commissioner, 67 T.C. 643, 644 (1977). As stated

above, reconsideration is not the appropriate forum for

petitioners to advance new legal theories to reach their desired

result.[7] Accordingly, we shall deny petitioners' motion for

reconsideration.

An appropriate order and

decision will be entered.

---

[7]Even if we were to address the application of sec. 7491(a) on a factor-by-factor basis in this case, we would still conclude that the allocation of the burden of proof would not change the result. Petitioners did not introduce evidence on a factor-by-factor basis to show that the requirements of sec. 7491(a) were satisfied with respect to each factor. In fact, if we analyzed each of the factors to decide whether the sec. 7491(a) requirements were met, we would conclude that petitioners did not satisfy the requirements of sec. 7491(a) for the reasons that we identified in Knudsen I. Of the six negative factors, five factors (manner in which petitioners conducted their activity, the expertise of petitioners and/or their advisers, expectation that assets would appreciate, the amount of occasional profits, and petitioner's history of income or loss) were negative, at least in part, because petitioners did not introduce credible evidence to establish that the factor weighed in their favor. See sec. 7491(a)(1).