**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-89

UNITED STATES TAX COURT

THOMAS J. SULLIVAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18578-12S.              Filed September 4, 2014.

Thomas J. Sullivan, pro se.

<u>Mark H. Howard</u>, for respondent.

SUMMARY OPINION

VASQUEZ, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $6,500 and an accuracy-related penalty of $650 in petitioner's Federal income tax for 2009. The issues for decision are: (1) whether petitioner is entitled to a $6,500 first-time homebuyer credit (FTHBC) for 2009; and (2) whether petitioner is liable for an accuracy-related penalty under section 6662(a) for 2009.

## Background

Some of the facts have been stipulated and are so found. We incorporate by reference the stipulated facts and the related exhibits. Petitioner resided in Nevada at the time he filed the petition.

On October 8, 1989, petitioner married Teri A. Howley in Nevada. Approximately two years later they purchased a home on West King Street in Carson City, Nevada. The home was originally titled in petitioner's and his mother's names, but petitioner's mother's name was removed from the title sometime thereafter. In 2003 Ms. Howley's name was added to the title when she and petitioner refinanced the mortgage on the home. At that point petitioner and Ms. Howley each had a 50% interest in the home.

Petitioner and Ms. Howley lived in the home together until their divorce. On January 12, 2010, as part of the property settlement agreement with respect to the divorce, Ms. Howley quitclaimed her 50% interest in the home to petitioner. On January 15, 2010, petitioner and Ms. Howley were granted a divorce by the First Judicial District Court of the State of Nevada in and for Carson City in an uncontested action. Petitioner continued to live in the home after the divorce.

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 2009. On his Form 1040, he reported a filing status of married filing separate. He also reported (1) total income of $50,424; (2) total tax of $6,281; (3) tax withheld of $4,298; (4) a first-time homebuyer credit of $6,500; (5) a making work pay and government retiree credit of $400; and (6) an overpayment of $4,917. He claimed a refund of $4,917.

On June 2, 2010, petitioner filed an amended return changing his filing status to single. On May 25, 2012, respondent issued petitioner a notice of deficiency for 2009 disallowing the $6,500 FTHBC and determining an accuracy-related penalty of $650 under section 6662(a). Petitioner timely filed a petition with this Court in response to the notice of deficiency.

## Discussion

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a)(1) provides an exception that shifts the burden of proof to the Commissioner as to any factual issue relevant to a taxpayer's liability for tax if: (1) the taxpayer introduces credible evidence with respect to that issue; and (2) the taxpayer satisfies certain other conditions, including substantiation of any item and cooperation with the Government's requests for witnesses, documents, other information, and meetings. Sec. 7491(a)(2); see also Rule 142(a)(2); Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001). The taxpayer bears the burden of proving that he or she has met the requirements of section 7491(a). Rolfs v. Commissioner, 135 T.C. 471, 483 (2010), aff'd, 668 F.3d 888 (7th Cir. 2012). Because we decide the factual issues in the instant case on the preponderance of the evidence, the allocation of the burden of proof is immaterial. See Knudsen v. Commissioner, 131 T.C. 185, 189 (2008).

I.  FTHBC

Section 36(a) allows a credit for a first-time homebuyer of a principal residence. A first-time homebuyer is any individual (including an individual's

spouse) having no present ownership interest in a principal residence for three years before the date of purchase of a principal residence. Sec. 36(c)(1). For purposes of the FTHBC, section 36(c)(2) provides that the term "principal residence" has the same meaning as in section 121. Section 36(c)(6) expands the scope of the FTHBC by making it available to "long-time residents" who have owned and lived in the same principal residence for at least five consecutive years during the eight-year period ending on the date of the "purchase of a subsequent principal residence."

Petitioner argues that he is entitled to an FTHBC under the "long-time residents" exception because he purchased Ms. Howley's 50% interest in the home. Respondent argues that petitioner did not purchase a subsequent principal residence.

We conclude that petitioner's acquisition of Ms. Howley's 50% interest in the home was not a "purchase" within the meaning of section 36(c)(3). An acquisition does not qualify as a purchase if the basis of the property acquired is determined "in whole or in part by reference to the adjusted basis of * * * [the] property in the hands of the person from whom acquired". Sec. 36(c)(3)(A)(ii)(I).

Section 1041(a) provides that no gain or loss is recognized on the transfer of property from a spouse to his or her former spouse if the transfer is incident to a

divorce.[2]  A transfer will be treated as incident to a divorce if the transfer occurs within one year after the parties cease to be married or is related to a divorce.  Sec. 1041(c).  Section 1041(b)(2) provides that in the case of a transfer of property described in section 1041(a), the transferee's basis in the transferred property is the same as the transferor's adjusted basis.[3]

Three days before signing the divorce decree, Ms. Howley quitclaimed her 50% interest in the home to petitioner as part of the property settlement agreement

_____

[2]  In general, sec. 1041 is effective for transfers after July 18, 1984, in taxable years ending after that date.  See Deficit Reduction Act of 1984, Pub. L. No. 98-369, sec. 421(a), 98 Stat. at 793-795.  Prior law provided that the transfer of appreciated property incident to a divorce resulted in the recognition of gain to the transferor, and the transferee received a basis equal to the asset's fair market value at the time of transfer.  Godlewski v. Commissioner, 90 T.C. 200, 203 (1988).

[3]  Sec. 1041(b)(1) provides that for Federal income tax purposes, such transfers are treated as gifts.  See Balding v. Commissioner, 98 T.C. 368, 371-372 (1992).  This nonrecognition rule applies whether the transfer is for the relinquishment of marital rights, for cash or other property, for the assumption of liabilities in excess of basis, or for other consideration and is intended to apply to any indebtedness which is discharged.  Id. at 372.  Thus, uniform Federal income tax consequences will apply to these transfers notwithstanding that the property may be subject to differing State property laws.  Id.  The regulations provide specific guidance regarding such a transfer of property.  Sec. 1.1041-1T(d), Q&A-10, Temporary Income Tax Regs., 49 Fed. Reg. 34453 (Aug. 31, 1984), provides that the transferor of property under sec. 1041 recognizes no gain or loss on the transfer even if the transfer was in exchange for the release of marital rights or other consideration, regardless of whether the property is separately owned or is a division of community property.

with respect to the divorce.  We find that the transfer of Ms. Howley's 50%

interest in the home to petitioner was incident to their divorce.  It follows that

petitioner took a transferred basis in Ms. Howley's 50% interest.  Therefore,

petitioner did not "purchase" her interest within the meaning section 36(c)(3).  We

hold that petitioner is not entitled to an FTHBC for 2009.

## II.    Accuracy-Related Penalty

Pursuant to section 6662(a) and (b)(1) and (2), a taxpayer may be liable for

a penalty on 20% of the portion of an underpayment of tax due to:  (1) negligence

or disregard of rules or regulations or (2) a substantial understatement of income

tax.  "Negligence" is defined as any failure to make a reasonable attempt to

comply with the provisions of the Code; this includes a failure to keep adequate

books and records or to substantiate items properly.  Sec. 6662(c); sec. 1.6662-

3(b)(1), Income Tax Regs.  Negligence has also been defined as the failure to

exercise due care or the failure to do what a reasonable person would do under the

circumstances.  See Allen v. Commissioner, 92 T.C. 1, 12 (1989), aff'd, 925 F.2d

348, 353 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985).

"Disregard" means any careless, reckless, or intentional disregard.  Sec. 6662(c).

"Understatement" means the excess of the amount of the tax required to be shown

on the return over the amount of the tax imposed which is shown on the return,

reduced by any rebate.  Sec. 6662(d)(2)(A).  A "substantial understatement" of income tax is defined as an understatement of tax that exceeds the greater of 10% of the tax required to be shown on the tax return or $5,000.  Sec. 6662(d)(1)(A).

The Commissioner bears the initial burden of production.  Sec. 7491(c).  If the Commissioner satisfies his burden, the taxpayer then bears the ultimate burden of persuasion.  Higbee v. Commissioner, 116 T.C. at 446-447.  The accuracy-related penalty is not imposed with respect to any portion of the underpayment as to which the taxpayer shows that he or she acted with reasonable cause and in good faith.  Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448.

The decision as to whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances, including the taxpayer's knowledge, education, and experience, as well as the taxpayer's reliance on professional advice.  Thomas v. Commissioner, T.C. Memo. 2013-60; see Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000) (providing a three-prong test to establish reasonable reliance on professional advice), aff'd, 299 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(b)(1), Income Tax Regs.  Generally, the most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability.  Humphrey,

<u>Farrington & McClain, P.C. v. Commissioner</u>, T.C. Memo. 2013-23; sec. 1.6664-4(b)(1), Income Tax Regs.

Regardless of whether respondent has met his burden of production, we find that petitioner is not liable for an accuracy-related penalty for 2009 because he meets the reasonable cause and good faith exception.  It is clear from the record that petitioner is not experienced in tax matters.  Petitioner made an honest mistake in believing that he was entitled to the FTHBC under the "long-time residents" exception.  Although we ultimately disagree with petitioner, the FTHBC is a complicated provision, and we find that it was reasonable under the circumstances for him to believe in good faith that he met the statute's requirements.  <u>See</u> sec. 1.6664-4(b), Income Tax Regs. (stating that an honest mistake of law may indicate reasonable cause and good faith).

In reaching our holdings, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.  To reflect the foregoing,

<u>An appropriate decision will be entered</u>.