T.C. Memo. 2016-85

UNITED STATES TAX COURT

ANGELA A. TERRELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21136-14.                    Filed May 2, 2016.

Angela A. Terrell, pro se.

<u>William J. Gregg</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, <u>Judge</u>:  The Internal Revenue Service (IRS or respondent) deter-
mined a deficiency in petitioner's 2011 Federal income tax of $5,202 and an ac-

[*2] curacy-related penalty of $1,340 pursuant to section 6662(a).[1]  After conces-

sions,[2] the sole issue for decision is whether petitioner is entitled to an education

credit for 2011.  We hold that she is.

### FINDINGS OF FACT

During 2011 petitioner was enrolled as a full-time student at Hampton

University in Hampton, Virginia.  Sometime during fall 2010 she registered for

courses for the upcoming spring 2011 semester.  On November 23, 2010, the

university billed to her account tuition of $2,460 on the basis of her preliminary

selection of spring 2011 semester courses.  On January 10, 2011, the university

billed to her account additional tuition of $1,230 on the basis of her final course

selections for that semester.

---

[1] All statutory references are to the Internal Revenue Code (Code) in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts are rounded to the nearest dollar.

[2] Petitioner conceded that she omitted from her 2011 return $1,273 of cancellation of indebtedness income and $16,746 of taxable wages related to a signing bonus she received.  Petitioner did not challenge, in her petition or at trial, the accuracy-related penalty for a substantial understatement of income tax.  If the Rule 155 computations confirm a substantial understatement, we deem petitioner to have conceded that she is liable for a section 6662(a) penalty in an amount to be determined.  See Rule 34(b)(4) (concession by failing to assign error); Leahy v. Commissioner, 87 T.C. 56, 73-74 (1986) (concession by failing to argue).

[*3]  Petitioner financed her education largely with student loans.  Although the university billed tuition charges to her account as set forth in the previous paragraph, her student loans were not disbursed until January 20, 2011, after the period for students to add or drop courses had ended and after course schedules were finalized.  Loan proceeds of $10,199 were disbursed directly to the university, which credited petitioner's account with that sum.  Loan proceeds in excess of tuition and related fees were refunded to petitioner, who used the excess to pay her living expenses during the spring 2011 semester.

The university filed with the IRS and sent to petitioner a Form 1098-T, Tuition Statement, for 2011.  This Form had no entry in box 1, captioned "Payments received for qualified tuition and related expenses."  It showed an entry of $1,180 in box 2, captioned "Amounts billed for qualified tuition and related expenses."  This sum corresponds to the tuition of $1,230 billed to petitioner's account on January 10, 2011, plus mandatory fees of $50, minus a tuition credit of $100 ($1,230 + $50 − $100 = $1,180).

Petitioner, a cash basis taxpayer, timely filed Form 1040, U.S. Individual Income Tax Return, for 2011.  On this return she claimed an American Opportunity Credit of $2,500.  She claimed $1,500 of this credit on line 48 as an education

[*4] credit against the regular tax. She claimed the $1,000 balance on line 66 as a refundable credit and thus as a "payment."

On June 2, 2014, the IRS sent petitioner a timely notice of deficiency, which took the form of a Notice CP3219A. This notice disallowed petitioner's claimed education credit in its entirety, stating: "Your eligible educational institution did not verify the amount claimed on your tax return, in box 1 of Form 1098-T, Tuition Statement. Please provide a signed explanation of the amounts paid to support the amount(s) claimed." The notice stated no other basis for disallowing the claimed education credit. Petitioner, a resident of Virginia, filed a timely petition for redetermination in this Court.

OPINION

A.   Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed correct. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The taxpayer must establish her entitlement to credits allowed by the Code and substantiate the amounts of claimed credits. LaPoint v. Commissioner, 94 T.C. 733 (1990); sec. 1.6001-1(a), Income Tax Regs. Because we decide this case on the preponderance of the evidence, we need not decide which party has the burden of proof. See Knudsen v. Commissioner, 131 T.C. 185, 189 (2008).

**[*5]** B. Education Credits

The Code allows a variety of education credits, including the American Opportunity Credit, a modified version of the Hope Scholarship Credit that was in effect for tax year 2011. See sec. 25A(i). The American Opportunity Credit provides for a credit against tax equal to "100 percent of so much of the qualified tuition and related expenses paid by the taxpayer during the taxable year * * * as does not exceed $2,000," plus "25 percent of such expenses so paid as exceeds $2,000 but does not exceed $4,000." Id. para. (1). The maximum amount of the credit is thus $2,500 per year. Up to 40% of the credit is made refundable, for a maximum refundable credit of $1,000. See id. para. (6).[3]

A taxpayer may claim a credit for qualified tuition and related expenses defrayed with proceeds of a student loan, even if those proceeds are paid by the lender directly to the educational institution on the student's behalf. See sec. 1.25A-5(b)(1), Income Tax Regs. Loan proceeds disbursed directly to an educational

---

[3]The American Opportunity Credit phases out for single taxpayers whose modified adjusted gross income exceeds $80,000. Sec. 25A(i)(4). Respondent does not dispute that petitioner's gross income was below this threshold, taking into account the omitted income that she has conceded. In the notice of deficiency, during trial, and in his post-trial brief, respondent's sole dispute regarding petitioner's eligibility for the American Opportunity Credit concerned the amount of qualified tuition that she paid during 2011. We accordingly deem respondent to have conceded that petitioner met all other requirements for claiming this credit.

**[\*6]** institution are treated as being paid by the student on the date the institution credits the proceeds to the student's account.  Id. para. (e)(3).

At trial we received into evidence an account statement from Hampton University, on official letterhead, showing an itemized schedule of petitioner's tuition charges for the spring 2011 semester.  This schedule shows a tuition charge of $2,460 on November 23, 2010, another tuition charge of $1,230 on January 10, 2011, a $50 degree fee on January 25, 2011, and a $100 tuition credit on February 9, 2011, for total net tuition and related charges of $3,640 for the spring 2011 semester.  The schedule further shows that student loan proceeds of $10,199 were disbursed on January 20, 2011, resulting in a credit to petitioner's account in that amount on that date.

Although the university charged a portion of petitioner's spring 2011 semester tuition to her account in November 2010, the loan proceeds that she used to pay those tuition charges were not disbursed and credited to her account until 2011.  She is therefore treated as having paid those expenses in 2011.  Since she is a cash basis taxpayer, this was the proper year for which to claim a credit for the tuition that she paid in 2011.  Sec. 1.25A-5(e)(3), Income Tax Regs.[4]

_____

[4]Generally an education tax credit is allowed only for payments of qualified tuition and related expenses for an academic period beginning in the same taxable

(continued...)

**[*7]**   Contrary to respondent's assertion, the Form 1098-T supplied by the university does not point to a different conclusion.  The only dollar amount appearing on that form, $1,180, is in the box that shows the "amounts billed" for tuition during calendar year 2011.  The amount billed to petitioner during 2011 does not control the size of her credit; the relevant number is the qualified tuition that she actually paid during 2011.  The Form 1098-T has no entry in box 1, which was supposed to show "payments received" for qualified tuition.  As petitioner remarked good-naturedly at trial:  "My school kind of dropped the ball a little bit where they're supposed to verify the amount" of tuition paid during 2011.  The evidence at trial has filled that gap.

On the basis of the credible documentation before us, we find that petitioner paid $3,640 in qualified tuition and related expenses in 2011.  Respondent thus erred in completely disallowing her claimed education credit of $2,500.  We con-

---

[4](...continued)
year that the payment is made.  Sec. 1.25A-5(e)(1), Income Tax Regs.  If a taxpayer prepays qualified tuition for an academic period that begins during the first three months of the taxpayer's next taxable year, the education tax credit is allowed for the year the payment is made.  Sec. 25A(g)(4); sec. 1.25A-5(e)(2), Income Tax Regs.  As discussed in the text, petitioner paid her tuition in 2011 when her loan was disbursed; the prepayment rule thus has no relevance here.

**[\*8]** clude that petitioner is entitled to an American Opportunity Credit corresponding to the amount of tuition and qualified expenses that she paid during 2011.[5]

In light of the foregoing,

Decision will be entered under

Rule 155.

---

[5]Although petitioner claimed an American Opportunity Credit in the maximum amount of $2,500, it would appear that she is entitled to a credit of only $2,410, that is, $2,000 plus 25% of the $1,640 balance of the tuition and related charges that she paid. We leave this for the parties to confirm in the Rule 155 computations.