T.C. Memo. 2019-50

UNITED STATES TAX COURT

FRED B. BARBARA AND LISA M. BARBARA, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27804-16.                          Filed May 13, 2019.

John K. Flaherty, for petitioners.

Michael T. Shelton, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, Judge:  The respondent (hereinafter "the IRS") issued a notice

of deficiency to the petitioners, Fred B. Barbara and Lisa M. Barbara, regarding

tax years 2009, 2010, 2011, and 2012.  The notice of deficiency determined the

following deficiencies and penalties:

**[*2]**

| Year | Deficiency | Penalty sec. 6662(a) |
|------|------------|----------------------|
| 2009 | $336,666 | $67,333.20 |
| 2010 | -0- | -0- |
| 2011 | 90,699 | 8,139.80 |
| 2012 | 109,355 | 21,871.00 |

The notice of deficiency made adjustments to the Barbaras' income for the 2009, 2010, 2011, and 2012 years. No deficiency was determined for 2010, and the amount of the deficiency for that year is not directly before us. However, whether Mr. Barbara materially participated in his lending business during 2010 is relevant because it affects the amounts of net-operating loss available for carrying forward to 2011 and 2012.

The Barbaras filed a timely petition under section 6213(a) for redetermination of the deficiencies and section 6662(a) penalties.[1] We have jurisdiction under section 6214(a).

The parties have resolved all issues in the case except for the following: (1) whether Mr. Barbara materially participated in his lending business during each year from 2009 through 2012 (we hold that he did) and (2) whether the Barbaras are liable for section 6662(a) penalties for 2009, 2011, and 2012 (we

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] hold that they are liable if Rule 155 computations show underpayments and substantial understatements for those years).

FINDINGS OF FACT

The Barbaras resided in Florida when they filed their petition.

For many years Fred Barbara owned and managed Barbara Trucking, a Chicago-area garbage-collection and waste-management business.

In 1997, Mr. Barbara sold Barbara Trucking for tens of millions of dollars.

Mr. Barbara used the proceeds from the sale of Barbara Trucking to start a money-lending business. This business capitalized on the network of contacts in the Chicago construction industry that he had developed while running Barbara Trucking.

In conducting the lending business, he usually lent the money in his personal capacity. But on a few occasions he lent the money through a family trust or a closely held limited liability company, Barbara Capital II, LLC. This LLC is treated as a partnership for federal tax purposes.

The office of the lending business was at the intersection of Archer Avenue and Canal Street in Chicago. The office was staffed by two full-time employees: an accountant and a secretary.

**[*4]**   Mr. Barbara performed all executive functions for the lending business.  He decided when to make loans.  He decided how to handle defaulted loans.  He managed over 40 outstanding loans during the years at issue.  He had no other significant work-related demands on his time besides the lending business.

During the years 2009-12 Mr. Barbara split his time between Chicago and Florida.  For each year he was in Chicago 40% of his time and in Florida 60% of his time.  He worked at least 200 days in a year, proportioned between Chicago and Florida on a 40/60 basis.

When in Chicago, Mr. Barbara lived either in his house in Oak Brook or his condominium on Chicago's North Side.  He was in the Chicago office for about 5-3/4 hours each work day.  When there he was working on the lending business.  He kept a regular schedule.  Therefore, he was in the Chicago office at least 460 hours per year working on the lending business, computed as follows:

$$200 \text{ days} \times 40\% \times 5.75 \text{ hours} = 460 \text{ hours per year}$$

When in Florida, Mr. Barbara lived in a house that he had purchased in 1995.  He called the Chicago office every day when it opened at 9 a.m.  He also communicated with the office at other times, through telephone, fax, and e-mail.  He averaged at least two hours of work per day on the lending business while in

[*5] Florida. This means that he worked at least 240 hours per year on the lending business while he lived in Florida, computed as follows:

$$200 \text{ days} \times 60\% \times 2 \text{ hours} = 240 \text{ hours per year}$$

During the IRS's examination and before it issued the notice of deficiency, Revenue Agent Heriberto J. Sanchez proposed penalties under section 6662(a) for 2009, 2011, and 2012. At that time Sanchez's immediate supervisor was Supervisory Revenue Agent S.J. Andrews. On November 18, 2014, Andrews signed a civil-penalty-approval form approving assertion of the penalties under section 6662(a) and (b)(2) for 2009, 2011, and 2012.

OPINION

1. Mr. Barbara materially participated in the lending business during each year from 2009 through 2012.

Sections 162(a) and 212(1) allow taxpayers to deduct certain business and investment expenses, but section 469 limits those deductions when they arise from "passive activities". A passive activity is any activity involving the conduct of a trade or business in which the taxpayer does not materially participate. Sec. 469(c)(1). A taxpayer materially participates in an activity if such participation is regular, continuous, and substantial. Sec. 469(h)(1). Regulations provide seven alternative tests to determine whether a taxpayer has materially participated in an

[*6] activity for the taxable year. Sec. 1.469-5T(a), Temporary Income Tax Regs., 53 Fed. Reg. 5725-5726 (Feb. 25, 1988). The seventh test is met if (1) the taxpayer participates more than 100 hours in the activity during the year and (2) the facts and circumstances show that the participation was regular, continuous, and substantial. Id. paras. (a)(7), (b)(2)(iii), 53 Fed. Reg. 5726.

The parties agree that the activity at issue is all of Mr. Barbara's lending, whether loans were made individually or through an entity.

For each year Mr. Barbara's total hours participating in the lending business were (1) 460 hours or more while in Chicago and (2) 240 hours or more while in Florida. Thus his total hours participating in the lending business each year were 700 or more. This exceeds the 100-hour threshold that is part of the seventh regulatory test.

Both while he was in Chicago and in Florida, Mr. Barbara's participation in the lending business was regular, continuous, and substantial.

The seventh regulatory test is therefore met.

Regarding this issue, we need not determine which party has the burden of proof because a preponderance of the evidence supports our findings of fact. See Knudsen v. Commissioner, 131 T.C. 185, 189 (2008), supplementing T.C. Memo. 2007-340.

**[*7]** 2.  <u>The Barbaras are liable for the section 6662(a) penalties to the extent Rule 155 computations show there are underpayments and substantial understatements of tax</u>.

Section 6662(a) and (b)(2) imposes a penalty equal to 20% of any underpayment that arises from a substantial understatement of income tax. An understatement is equal to the correct tax minus the tax actually shown on the return. Sec. 6662(d)(2)(A). A substantial understatement of income tax exists if both of the following conditions are met: (1) the amount of the understatement exceeds 10% of the correct tax and (2) the amount of the understatement exceeds $5,000. Sec. 6662(d)(1)(A).

A reasonable-cause exception to the section 6662(a) penalty is found in section 6664(c)(1), which provides that no penalty is imposed under section 6662 "with respect to any portion of an underpayment if it is shown that there was reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion."

Section 6751(b)(1) provides that "[n]o penalty * * * shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination".

Under section 7491(c), the IRS has the burden of production with respect to the section 6662(a) penalty. To meet this burden, the IRS must produce sufficient

**[\*8]** evidence indicating that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). The IRS's burden of production under section 7491(c) includes establishing compliance with the supervisory-approval requirement of section 6751(b). Graev v. Commissioner, 149 T.C. 485, 493 (2017), supplementing and overruling in part 147 T.C. 460 (2016). Once the IRS meets this burden of production, the taxpayer must come forward with persuasive evidence that the IRS's determination is incorrect. Rule 142(a); see Higbee v. Commissioner, 116 T.C. at 447. The taxpayer may meet this burden by proving that he or she acted with reasonable cause and in good faith with respect to the underpayment. See sec. 6664(c)(1); see also Higbee v. Commissioner, 116 T.C. at 447; sec. 1.6664-4(b)(1), Income Tax Regs.

The IRS contends that the Barbaras are liable for section 6662(a) penalties for 2009, 2011, and 2012 to the extent that for any of the years the Rule 155 computation shows that there is a substantial understatement of tax.

If the Rule 155 computations show that there exist underpayments and substantial understatements, this will satisfy the IRS's burden of production. (The IRS has satisfied its burden of production with respect to the supervisory-approval requirement: The initial determination to impose the section 6662(a) penalties was made by Sanchez and approved by his immediate supervisor, Andrews.)

**[*9]**    In their post-trial briefs, the Barbaras' only argument against the imposition

of the penalties was as follows:

> In addition, should the Court not find in favor of the petitioners, the
> petitioners believe that no penalties under IRC Section 6662 should
> apply. Specifically, as stated in Regulation 1.6664-4(a). "No penalty
> may be imposed under section 6662 with respect to any portion of an
> underpayment upon a showing by the taxpayer that there was
> reasonable cause for, and the taxpayer acted in good faith with respect
> to such portion".

The parties resolved all nonpenalty issues in the case except for the issue of

whether Mr. Barbara materially participated in the lending business. In this

context, the Barbaras' contention that they are not liable for penalties if the Court

does not find in their favor is an argument that the Barbaras had reasonable cause

and good faith for filing returns as if Mr. Barbara materially participated in the

lending business. Because we find in the Barbaras' favor on the material-

participation issue, it is not necessary to reach their argument that they had

reasonable cause and good faith with respect to whether Mr. Barbara materially

participated in his lending business.

There were other adjustments in the notice of deficiency that are unrelated

to whether Mr. Barbara materially participated in the lending business. Many of

these adjustments were conceded by the Barbaras and could result in

underpayments for the years at issue. However, the Barbaras did not argue that

**[\*10]** the reasonable-cause exception applies to any portions of underpayments due to these conceded adjustments. The Barbaras did not propose findings of fact regarding these conceded adjustments. The record does not show that the reasonable-cause exception applies to these conceded adjustments. The Barbaras did not make any arguments on brief about these conceded adjustments or the applicability of the reasonable-cause exception to these conceded adjustments. In summary, the Barbaras do not argue, and the record does not support, the applicability of the reasonable-cause exception as to these conceded adjustments.

We hold that the Barbaras are liable for the section 6662(a) penalties to the extent Rule 155 computations show there are underpayments and substantial understatements of tax.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.