**FRGC INVESTMENT, LLC, et al., Petitioners—Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent— Appellee.**

No. 03–70443.
Tax Ct. No. 5443–01.

United States Court of Appeals, Ninth Circuit.

---

3. *United States v. Mapelli,* 971 F.2d 284, 286 (9th Cir.1992).

4. *United States v. Tarazon,* 989 F.2d 1045, 1052 (9th Cir.1993).

5. *Id.*

Submitted March 11, 2004.*

Decided March 15, 2004.

Stephen E. Silver, Jason M. Silver, Walker Silver PLC, Scottsdale, AZ, for Petitioners–Appellants.

Charles S. Casazza, B. John Williams, Jr., Gary R. Allen, Frank P. Cihlar, Attorney, Richard Farber, Judith A. Hagley, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent–Appellee.

Before T.G. NELSON, GRABER, and W. FLETCHER, Circuit Judges.

## MEMORANDUM**

Petitioner FRGC Investment, LLC, appeals the tax court's denial of its petition for readjustment of its partnership filing for 1997. We affirm.

1. The tax court was not required to decide which party had the burden of proof under 26 U.S.C. § 7491. The court found that, whatever the burden of proof, the preponderance of the evidence favored the Commissioner. That being so, the burden of proof did not come into play; and for purposes of our decision we can assume, without deciding, that the Commissioner had the burden of proof.

2. Whether a taxpayer sustained an abandonment loss is a factual question. *A.J. Indus., Inc. v. United States,* 503 F.2d 660, 667 (9th Cir.1974). When an inquiry is essentially factual, our review is for clear error. *King v. Comm'r,* 857 F.2d 676, 678–79 (9th Cir.1988).

Even assuming that the Commissioner had the burden of proof, the tax court did not clearly err in finding that Petitioner did not abandon the real estate project in question. For example, James Mehen withdrew the plan before the county board could vote on it so that a denial would not prevent resubmission of the project within a year; Petitioner did not cancel escrow for nearly six weeks after the county board met, a period during which it continued to pay both Mehens for management and marketing services related to the project; and the investors were not given a chance to vote on whether to abandon the project until January 1998, when simultaneously they were presented with a third (and, this time, successful) purchase agreement for the real property.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.