T.C. Summary Opinion 2015-32

UNITED STATES TAX COURT

RICKY RAY RESSEN AND ROSALIND RESSEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17873-13S.                    Filed April 21, 2015.

Ricky Ray Ressen and Rosalind Ressen, pro sese.

<u>Christina L. Cook</u> and <u>David L. Zoss</u>, for respondent.

SUMMARY OPINION

MARVEL, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code (Code) in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, all section references are to the Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Some monetary amounts are rounded.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $4,995 in petitioners' Federal income tax for 2010. The issue for decision is whether petitioners are entitled to deduct unreimbursed employee business expenses of $34,475 for 2010.

Background

Some of the facts have been stipulated and are so found. The stipulated facts and the facts drawn from stipulated exhibits are incorporated herein by this reference. Petitioners resided in Minnesota when they petitioned this Court.

In 2010 Ricky Ray Ressen was employed as a construction manager with Innovative Construction Solutions, Inc. (ICS). He supervised several construction projects for ICS during that year. With the exception of a period of approximately 1-1/2 months, Mr. Ressen lived and worked away from home for most of 2010, returning home for the weekends, because of his responsibilities as an employee of ICS. When away from home, he stayed in a recreational vehicle that he refers to as a fifth wheel.

Mr. Ressen owned two trucks that he used during 2010 for travel between his home and the various jobsites and while at the various jobsites: (1) a 2007 Chevrolet Silverado 1500 (2007 Chevy) and (2) a 2008 Chevrolet Silverado 2500

HD (2008 Chevy). He used the 2008 Chevy to transport the fifth wheel, which he would set up at or near the jobsites. Between January 1 and May 14, 2010, Mr. Ressen put 11,585 miles on the odometer of the 2008 Chevy. He stopped using the 2008 Chevy on May 14, 2010. Between May 16 and December 31, 2010, Mr. Ressen put 45,422 miles on the odometer of the 2007 Chevy.

ICS reimbursed Mr. Ressen a per diem amount for food and lodging and would also reimburse him if he purchased an airline ticket in connection with his employment. ICS did not and would not reimburse him for the use of the 2007 Chevy or the 2008 Chevy.

From January until around March 25, 2010, Mr. Ressen managed the construction of a pet supply store in Oak Creek, Wisconsin. From the last week of March until May 8, 2010, Mr. Ressen managed the construction of a fabric and craft store near his residence in Brainerd, Minnesota.

Subsequently, Mr. Ressen managed the construction of a sporting goods store in Waterloo, Iowa. At the same time he also worked on a project in Iowa City, Iowa. Because he was alternating between the two jobsites, he parked the fifth wheel at a campground between the two sites.

On several occasions Mr. Ressen visited a jobsite in Des Moines, Iowa. The Des Moines jobsite was still in the planning stages, and he made only occasional

trips there. Mr. Ressen worked at the Waterloo and Iowa City jobsites through the end of 2010.

Mr. Ressen maintained a calendar and a logbook to record his business activities and the business use of the 2007 and 2008 Chevys. Upon returning home at the end of each week he recorded the miles he drove during the previous week in the calendar. Additionally, as required by ICS, he recorded in general terms his daily business activities and weekly travel in the logbook. He also recorded the beginning and ending mileage for the 2007 and 2008 Chevys in the logbook.

Petitioners filed a joint Form 1040, U.S. Individual Income Tax Return, for 2010 (2010 return). Petitioners attached to their 2010 return a Form 2106, Employee Business Expenses, claiming 100% of the 45,422 miles driven with respect to the 2007 Chevy and 100% of the 11,585 miles driven with respect to the 2008 Chevy. After multiplying the total miles driven by the standard mileage rate, petitioners reported unreimbursed vehicle expenses of $28,504. Petitioners also reported additional unreimbursed employee business expenses totaling $7,597. After applying the 2% floor to their total unreimbursed employee business expenses of $36,101 petitioners claimed a deduction for job expenses and certain

miscellaneous deductions of $34,475 on a Schedule A, Itemized Deductions, attached to their 2010 return.

After communication broke down between petitioners and respondent's revenue agent, respondent issued a notice of deficiency to petitioners. The deficiency notice disallowed petitioners' claimed $34,475 deduction for job expenses and certain miscellaneous deductions in full. The deficiency notice explained that the portion of the disallowed deduction attributable to petitioners' claimed unreimbursed vehicle expenses was disallowed solely for insufficient substantiation of the claimed miles.

## Discussion

I.    Burden of Proof

Generally, the taxpayer bears the burden of proving his or her entitlement to any claimed deduction. See Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). This includes the burden of substantiation. See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), (e), Income Tax Regs. If, however, a taxpayer produces credible evidence[2] with respect to any factual issue relevant to

_____

[2]"Credible evidence is the quality of evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no

(continued...)

ascertaining the taxpayer's liability for any tax imposed by subtitle A or B of the Code and satisfies the requirements of section 7491(a)(2), the burden of proof on any such issue shifts to the Commissioner. See sec. 7491(a)(1).

As explained below, see infra part III, petitioners did not submit any evidence with respect to their claimed deduction for $7,597 in additional unreimbursed employee business expenses that respondent disallowed. The burden of proof therefore remains on them with respect to these expenses. See sec. 7491(a)(1). However, we need not decide whether petitioners satisfy the requirements of section 7491(a)(1) and (2) with respect to the remainder of the issues in this case because we decide them on the preponderance of credible evidence and not on any failure to carry the burden of proof. See Blodgett v. Commissioner, 394 F.3d 1030, 1039 (8th Cir. 2005), aff'g T.C. Memo. 2003-212; Knudsen v. Commissioner, 131 T.C. 185, 188-189 (2008).

II.    Deductions Generally

Section 162(a) permits a taxpayer to deduct ordinary and necessary expenses paid or incurred in carrying on a trade or business. See Commissioner v.

---

[2](...continued)
contrary evidence were submitted (without regard to the judicial presumption of IRS correctness).'" Higbee v. Commissioner, 116 T.C. 438, 442 (2001) (quoting H.R. Conf. Rept. No. 105-599, at 240-241 (1998), 1998-3 C.B. 747, 994-995).

Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971). A trade or business expense is ordinary for purposes of section 162 if it is normal or customary within a particular trade, business, or industry, and it is necessary if it is appropriate and helpful for the development of the business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943). In general, section 262(a) disallows deductions for personal, living, or family expenses. See also sec. 1.162-17(a), Income Tax Regs.

Generally, a taxpayer must maintain adequate records to substantiate the amounts of his or her income and entitlement to any deductions or credits claimed. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. When a taxpayer establishes that he or she paid or incurred a deductible expense but does not establish the amount of the expense, we may estimate the amount allowable in some circumstances (Cohan rule). See Cohan v. Commissioner, 39 F.2d 540, 542-544 (2d Cir. 1930). There must be sufficient evidence in the record, however, to permit us to conclude that the taxpayer paid or incurred a deductible expense in at least the amount allowed. See Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). In estimating the amount allowable, we bear heavily upon the taxpayer who failed to maintain required records and to substantiate deductions as the Code requires. See Cohan v. Commissioner, 39 F.2d at 544.

For certain kinds of business expenses, section 274(d) overrides the Cohan rule. See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969). Under section 274(d), a taxpayer must satisfy strict substantiation requirements before a deduction is allowable. These strict substantiation requirements apply to any traveling expense, including meals and lodging away from home, any item with respect to an activity in the nature of entertainment, or the use of listed property, as defined in section 280F(d)(4), including passenger automobiles.

To deduct these expenses, the taxpayer must "substantiate[] by adequate records or by sufficient evidence corroborating the taxpayer's own statement": (1) the amount of the expense or other item; (2) the time and place of travel, entertainment, or use of the property; (3) the business purpose of the expense or other item; and (4) the business relationship of the taxpayer to the persons entertained or using the property. See sec. 274(d). With respect to the use of listed property, the taxpayer must establish the amount of business use and the amount of total use for such property. See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record

prepared contemporaneously with the use or expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures.[3] See sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). A log that is kept on a weekly basis is considered contemporaneous for this purpose. See sec. 1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., 50 Fed. Reg. 46017-46018 (Nov. 6, 1985). Uses that are properly considered part of a single use--including, for example, a round trip or uninterrupted business use--may be accounted for by a single record. See id. subpara. (6)(i)(C), 50 Fed. Reg. 46023. A written explanation of the business purpose of a use or expenditure is not required where the business purpose is evident from the facts and circumstances. See id. subpara. (2)(ii)(B), 50 Fed. Reg. 46018. The level of detail required for substantiating by adequate records the business use of listed property depends upon the facts and circumstances of such use. See id. subdiv. (ii)(C), 50 Fed. Reg. 46018-46019.

Substantiation by other sufficient evidence corroborating the taxpayer's statement requires a statement by the taxpayer specifically detailing the required elements and the production of corroborative evidence in support of the taxpayer's

---

[3]The Secretary has not promulgated regulations with respect to any documentary evidence required with respect to the use of listed property.

statement. See id. subpara. (3)(i), 50 Fed. Reg. 46020. In general, corroborative evidence of an element must be direct evidence or documentary evidence. See id. subdiv. (i)(B), 50 Fed. Reg. 46020-46021. If the element is either the business relationship to the taxpayer of persons entertained or the business purpose of an expenditure or use, however, corroborative evidence may include circumstantial evidence. See id. Except in circumstances not present here a taxpayer may substantiate the business use of listed property for an entire year with corroborative evidence with respect to a part of the year if the periods for which the taxpayer has corroborative evidence are representative of the entire year. See id. subdiv. (ii)(A), 50 Fed. Reg. 46021.

III.    Analysis

Petitioners presented evidence with respect to the portion of the disallowed deduction attributable to their claimed use of the 2007 and 2008 Chevys. However, petitioners failed to introduce any evidence with respect to the $7,597 in additional unreimbursed employee business expenses that respondent also disallowed. We therefore sustain respondent's disallowance of the $7,597 in additional unreimbursed employee business deductions. See Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. at 84.

With respect to the portion of the disallowed deduction attributable to their claimed use of the 2007 and 2008 Chevys, petitioners introduced copies of the calendar in which Mr. Ressen contemporaneously recorded his weekly mileage as an employee of ICS as well as some information regarding where he was working at various times.  Petitioners also introduced copies of the pages in the logbook on which he contemporaneously recorded the beginning and ending miles for the 2007 and 2008 Chevys.  Considering the facts and circumstances of Mr. Ressen's employment arrangement with ICS and his business use of the 2007 and 2008 Chevys we conclude that the calendar is a credible, adequate record of the amount of the business use of the property, the dates of such use, and the business purpose of such use, and the logbook pages are an adequate record of the total use of the property.  See sec. 274(d); sec. 1.274-5T(b)(6)(i)(B), (c)(2), Temporary Income Tax Regs., supra; see also Lyseng v. Commissioner, T.C. Memo. 2011-226, 102 T.C.M. (CCH) 280, 282-283 (2011).

Additionally, even if the calendar is for some reason not an adequate record of the amounts or dates of the business use of the 2007 and 2008 Chevys, Mr. Ressen credibly and with specificity testified as to the business use of the property and the dates of such use.  Petitioners corroborated this testimony with the pages from the logbook.  See sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs.,

supra.  Although petitioners did not introduce the entire logbook into evidence, we conclude that the pages of the logbook that they did introduce are representative of contemporaneous, adequate records that Mr. Ressen maintained for the entire year and that they sufficiently corroborate his testimony with respect to the amounts and dates of the business use of the 2007 and 2008 Chevys for the entire year.  See id. subdiv. (ii)(A).  We therefore conclude that petitioners satisfied the substantiation requirements of section 274(d) with respect to their claimed use of the 2007 and 2008 Chevys.

To reflect the foregoing,

Decision will be entered under Rule 155.